[Civ. No. 16898. Fourth Dist., Div. One. Mar. 13, 1979.]

NELLIE G. MONROE, Plaintiff and Appellant, v.
CHARLES H. MONROE, Defendant and Respondent.

**COUNSEL**

Francis X. Scheidel, Jr., for Plaintiff and Appellant.

Higgs, Fletcher & Mack and Donald H. Glaser for Defendant and Respondent.

**OPINION**

**STANIFORTH, J.**—Plaintiff Nellie G. Monroe (wife) appeals from the order granting a summary judgment in favor of her husband Charles H. Monroe (husband) in an action for damages for personal injuries she sustained in an automobile accident. The wife, a passenger, was injured when the vehicle driven by her coowner husband collided with another vehicle. She charges the husband with negligence, causing her injuries.

Based upon the admitted facts of coownership, the express language of Vehicle Code section 17158 and the authority of *Schwalbe* v. *Jones,* 16 Cal.3d 514 [128 Cal.Rptr. 321, 546 P.2d 1033], the trial court found no triable issue of fact and held the wife was precluded, as a matter of law,

from recovery of personal injury damages from her coowner-driver husband when the charge was simple negligence.

## DISCUSSION

Vehicle Code section 17158 provides: "No person riding in or occupying a vehicle owned by him and driven by another person *with his permission* has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the owner during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or willful misconduct of the driver." (Italics added.)

The wife contends this section is unconstitutional. It "creates a denial of equal protection" when applied to persons who own a vehicle as community property. The wife also asserts this subsidiary contention: She did *not* grant permission to her husband to drive the coowned automobile.

The husband relied (and could with good reason do so when this matter was before the trial court) upon the decision in *Schwalbe* v. *Jones, supra,* 16 Cal.3d 514, where a majority of the Supreme Court upheld the validity of Vehicle Code section 17158 against the constitutional challenge of denial of equal protection. However, events have overrun the positions taken by the parties and the trial court. Since the *Schwalbe* decision, the Supreme Court in *Cooper* v. *Bray,* 21 Cal.3d 841, 844 [148 Cal.Rptr. 148, 582 P.2d 604], "concluded . . . that, under the appropriate governing equal protection standard, the disparate treatment mandated by section 17158 cannot be constitutionally sustained."

The section violates state and federal equal protection standards "by singling out, from the wide range of automobile accident victims, one narrow class—injured passengers who happen to own the car in which they are injured—and barring this, and only this, class of victims from obtaining recovery from drivers who negligently caused their injuries." (*Id.,* at p. 843.)

In *Cooper* v. *Bray, supra,* 21 Cal.3d 841, the facts were: Cooper sustained personal injuries while a passenger in her own motor vehicle which was then being driven by a service station attendant, Bray. The trial court, upon the assumption the section was unconstitutional, instructed the jury on ordinary negligence principles and refused

instructions on Vehicle Code section 17158 which would bar an automobile "owner-passenger" from maintaining a cause of action against a permissive driver of the vehicle unless the injuries resulted from "intoxication" or "willful misconduct" of the driver.

The Supreme Court affirmed the trial court actions, reasoning: "Section 17158 divides injured automobile passengers into two classes, passengers who own the vehicle in which they are injured and passengers who do not own the vehicle, and deprives those injured persons who fall into the owner-passenger category of the traditional legal right to sue the driver of the vehicle for negligently inflicted damages, preserving an owner-passenger's recovery only in situations in which his injuries proximately result from the driver's intoxication or willful misconduct." (*id.,* at p. 848) and relied upon the *Brown* v. *Merlo,* 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505], decision holding the denial of recovery to nonpaying "guests" by the basic statute denied equal protection of the laws, commenting: " 'In light of the demise of the automobile guest statute in *Brown* v. *Merlo,* it is clear that the disparate treatment accorded owner-passengers by the challenged provision bears no rational relation to the original legislative purpose. As we have seen, the provision at issue was enacted in order to treat owner-passengers as "guests" under the guest statute; now that automobile guests are no longer denied recovery for injuries suffered at the hands of a negligent driver, the instant classification clearly does not further the legislative purpose of according owner-passengers the same treatment as such guests, but rather defeats that purpose by singling out owner-passengers for differential treatment from all other automobile accident victims.' [Citation.]" (*Id.,* at p. 851.) And the court concluded: "In sum, having conducted a 'serious and genuine judicial inquiry into the correspondence between the [statutory] classification and the legislative goals' [citation], we are convinced that the disparate treatment accorded by the statute is not rationally related to a realistically conceivable legislative purpose. 'Enacted to provide injured owner-passengers with the same treatment accorded injured social guests, the statute now operates to deny owner-passengers the legal rights enjoyed by every other class of automobile accident victims.' [Citation (dis. opn.).] Accordingly, we conclude that the statutory classification violates the state and federal equal protection guarantees. *Schwalbe* v. *Jones, supra,* 16 Cal.3d 514 is hereby overruled." (*Id.,* at p. 855.)

Mrs. Monroe sits legally in the same seat as did Mrs. Cooper excepting only the marriage relationship of the Monroes. To deny a spouse—and

for that reason alone—the legal rights enjoyed by every other class of automobile victim would give new life to a statutory denial of equal protection more blatant than those laid to rest in *Brown* v. *Merlo, supra,* and *Cooper* v. *Bray, supra.*

The anachronistic theory of the identity of spouses has had a lingering yet certain demise. It was buried by the California Supreme Court in its holding a spouse can sue the other for an intentional or negligent personal tort. (*Self* v. *Self,* 58 Cal.2d 683 [26 Cal.Rptr. 97, 376 P.2d 65]; *Klein* v. *Klein,* 58 Cal.2d 692 [26 Cal.Rptr. 102, 376 P.2d 70]; see also Civ. Code, § 5113, subds. (a), (b) & (c).) The arguments favoring denial of a tortious recovery as between husband and wife as a general proposition were met and disposed in these cases, this legislative enactment. Such "medieval" concept has no relevance; it should not be a springboard to create a gross and unequal protection of the law. The takings of the marriage vow forms no rational basis for denial of equal protection of the law. A wife, passenger in a communally owned or nonowned car, albeit driven by her husband, should have equal rights with every other class of automobile accident victims to seek compensation from the negligent driver.

Judgment reversed.

Cologne, Acting P. J., and Wiener, J., concurred.